UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-53 TS |
| | ) | |
| VIRGIL SMITH | ) | |

**OPINION AND ORDER**

Defendant Virgil Smith's attorney, Thomas N. O'Malley, filed two motions requesting that the Court dismiss the criminal charges against Mr. Smith. In the first motion [DE 39], Mr. O'Malley states that the Defendant believes that his right to be free of double jeopardy has been violated. In the second motion [DE 40], Mr. O'Malley states that the Defendant believes that his original case (1-03-CR-6) should have been dismissed with prejudice and that the delay in reindicting him is a violation of his rights under the Due Process Clause. In both motions, Mr. O'Malley concedes that the Defendant's contentions contradict both the Seventh Circuit's and the Supreme Court's precedent. The government has not responded to the Defendant's motions.

**A.   Background**

The Defendant was arrested on January 30, 2003, and the next day was charged by way of a Criminal Complaint with violating 18 U.S.C. §§ 2113(a) & (d), 924(c), and 2. On February 26, the Grand Jury indicted the Defendant with the same offenses. On February 28, the Defendant was arraigned on the Indictment before Magistrate Judge Cosby where he pleaded not guilty to all charges.

On November 21, 2003, the Defendant moved for dismissal of the charges, alleging a

violation of the Sixth Amendment and 18 U.S.C. § 3161(c)(1). On December 10, 2003, the Court denied the motion, and, on December 16, the case went to trial. The jury found the Defendant guilty on both counts, and the Defendant was sentenced to a term of imprisonment and supervised release.

The Defendant appealed his case, arguing that the Court should have dismissed the Indictment in accordance with § 3161. Finding a harmless error, the Seventh Circuit affirmed the conviction and the sentence. The Defendant then petitioned for, and was granted, a writ of certiorari. After the Seventh Circuit's judgment was vacated and the case remanded for reconsideration, the Seventh Circuit, in turn, vacated the Defendant's conviction and remanded the case to this Court to determine whether the Indictment should be dismissed with or without prejudice.

After carefully considering the factors listed in 18 U.S.C. § 3162, the Court dismissed the indictment without prejudice on October 3, 2006. On October 25, 2006, the government reindicted the Defendant in the current action. The new indictment contains two counts: Count I charges the Defendant with the robbery of Bank One, 9105 Lima Road, Fort Wayne, Indiana on or about December 9, 2002, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2; Count II alleges that Smith knowingly brandished and used a fire arm during the course of the bank robbery in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

**B.     Double Jeopardy**

The Defendant's right against double jeopardy has not been violated. The Fifth Amendment of the United States Constitution prohibits double jeopardy: "nor shall any person

2

be subject for the same offence to be twice put in jeopardy of life or limb." But the United States Supreme Court has held that the double jeopardy clause protects against being prosecuted for the same crime twice after an acquittal in the first prosecution. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The Fifth Amendment is a guarantee of a constitutional policy of finality. *Id.* The policy is a protection of the defendant from attempts to "relitigate the facts underlying a prior acquittal."
*Id.* at 165, 166 (citing *Ashe v. Swenson*, 397 U.S. 436 (1970)). The Defendant is not subject to double jeopardy because he has not been acquitted.

Moreover, "double jeopardy 'does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.'" *United States v. Doyle*, 121 F.3d 1078, 1083 (7th Cir. 1997) (quoting *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)). Since the Defendant's conviction was indeed set aside through the appellate process after an error in the proceeding was found, his double jeopardy argument is meritless.

**C.     Dismissal of the First Indictment**

In his second motion, the Defendant suggests that his original indictment should have been dismissed with prejudice and that his reindictment violates the Due Process Clause. In its October 3, 2006, Order, the Court addressed in detail the merits of dismissing the original indictment without prejudice. At that time, the Defendant had been given opportunity to submit briefs on that issue, and he did so. The Court carefully considered his arguments, but found that the statutory factors weighed strongly in favor of dismissing the Indictment without prejudice.

3

In its current motion, the Defendant essentially repeats his earlier arguments that the Court had already addressed. The Court will not repeat itself, however. But the Court will note that, at this time, the Defendant does not have standing to appeal the dismissal without prejudice "because he is not legally aggrieved by the termination of the prosecution." *United States v. Reale*, 834 F.3d 281, 282 (2nd Cir. 1987). To raise this argument, he must wait until the final disposition of this case. *See id.*

The Defendant's second contention goes by the way of the first one. He argues that his reindictment after several years since the conclusion of his original case has prejudiced him. The Court has already addressed this argument in its October 3, 2006, Order. As then, so now the Defendant submits no evidence that he has suffered or is likely to suffer any prejudice. At best, he may be able to make such argument after the completion of trial, but until then his argument is meritless.

**D.     Conclusion**

The Defendant has not demonstrated that the government has subjected him to double jeopardy. Moreover, he not presented any legitimate argument concerning his objections to the dismissal of the original indictment without prejudice. Finally, the Defendant's contentions regarding the Due Process Clause are groundless. Accordingly, the Court denies both of the Defendant's motions [DE 39 and DE 40].

SO ORDERED on June 4, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT