UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CR-0053 |
| | ) | 1:10-CV-104 |
| VIRGIL SMITH | ) | |
| | ) | |

## OPINION AND ORDER

Presently before the court is Defendant Virgil Smith's ("Smith's") "Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed on April 7, 2010. The Government responded on May 6, 2010 to which the defendant replied on June 1, 2010. For the following reasons, Smith's Motion will be DENIED.

## FACTUAL BACKGROUND

On October 3, 2006, a Criminal Complaint was filed in this Court against Smith alleging a violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 924(c) in connection with the armed robbery of the Chase Bank (formerly Bank One) located at 9105 Lima Rd., Ft. Wayne, IN on December 9, 2002. Thereafter, on October 25, 2006, a federal grand jury sitting in the Northern District of Indiana returned a 2 count Indictment against Smith alleging the same violations as were contained in the Criminal Complaint. On March 7, 2007, Smith entered a plea of guilty to both counts of the Indictment without the benefit of a Plea Agreement. The Court, however, deferred acceptance of Smith's plea until the parties completed briefing on Smith's Double Jeopardy claim.[1] Smith filed

---

[1] This was Smith's second indictment alleging his participation in the same bank robbery. Smith appealed his first conviction arguing that his rights under the Speedy Trial Act ("the Act") had been violated. The Seventh Circuit Court of Appeals held that any violation of the Act was harmless. See *United States v. Smith*, 415 F.3d 682, 686 (7th Cir.2005). A limited remand to the district court followed, but the Seventh Circuit ultimately affirmed Smith's conviction. See *United States v. Smith,* 182 Fed.Appx. 586 (7th Cir.2006). Smith then filed a petition for writ

1

his brief in support of his motion to dismiss the Indictment on Double Jeopardy grounds on April 27, 2007 (R. 39), and his motion to dismiss based on Due Process violations. Both motions were denied by the Court on June 4, 2007. On March 27, 2007, Smith filed a motion to withdraw his previously entered plea of guilty, which the Court granted on April 17, 2007. As a result, the case proceeded to a bench trial on September 27, 2007 on both counts of the Indictment. On that same day, the government filed a stipulation that the bank robbery occurred on December 9, 2002, and that the monies or funds on deposit with Chase Bank (formerly known as Bank One), were at all times during the year 2002 insured by the Federal Deposit Insurance Corporation (FDIC). That stipulation contained Smith's signature. The trial in this case concluded on September 28, 2007. The Court rendered its verdict on October 3, 2007, finding Smith guilty on both counts of the Indictment. On December 18, 2007, Smith was sentenced to a term of 100 months on Count 1 and 7 years consecutive on Count 2. Smith appealed and the Seventh Circuit affirmed his conviction on both counts by the Seventh Circuit Court of Appeals on August 11, 2009.

In his current filings, Smith asserts that his trial counsel and his appellate counsel provided ineffective assistance of counsel by failing to require the Government to prove that the bank he was charged with robbing was FDIC insured and/or by failing to raise the issue before the trial and

---

of certiorari. The Supreme Court granted Smith's petition, vacated the Seventh Circuit's judgment, and remanded the matter for proceedings in light of *Zedner v. United States,* 547 U.S. 489, 508-509, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), in which the Court held that harmless error is not an appropriate standard of review in the Speedy Trial Act context. The Seventh Circuit then reversed Smith's conviction, vacated his sentence, and remanded the case to the district court with instructions to determine whether the indictment should be dismissed with or without prejudice pursuant to 18 U.S.C. § 3162(a)(2). On remand, after reviewing the parties' written submissions, the district court issued a five-page order dismissing the indictment *without* prejudice on October 3, 2006. The government filed a new criminal complaint against Smith on the same day. He was indicted on October 25, 2006, and proceeded to a bench trial that commenced on September 27, 2007.

appellate courts. To raise a viable ineffective assistance of counsel claim, Smith must satisfy the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of the *Strickland* test requires a showing that "counsel's representation fell below an objective standard of reasonableness." In other words, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 687, 690, 104 S.Ct. 2052. Once he has shown deficient performance, Smith must then demonstrate that but for the attorney's performance, the outcome would have been different.

Here, the evidence in the record clearly demonstrates that Smith's attorneys did not err in failing to argue the insured status of the bank or the absence of Government proof that the bank was FDIC insured. On the first day of trial, the Government offered a stipulation *signed by Smith and his trial counsel*, which expressly agreed and stipulated to the following fact:

> The monies or funds on deposit with Chase Bank formerly known as Bank One, located at 9105 Lima Road, Fort Wayne, Indiana, were insured at all times in calendar year 2002, including on December 9, 2002, by the Federal Deposit Insurance Corporation (FDIC), charter number 3618.

"A stipulation is one of the most persuasive forms of proof that the government can offer in establishing the FDIC insured status of a victim bank." *Paschal v. United States,* 2003 WL 22462555, 3 (N.D.Ill.,2003) (citing *United States v. Knop,* 701 F.2d 670, 674 (7th Cir.1983) (stating that "we fail to understand why the Government should rely on indirect evidence of FDIC insured status, when that status can easily be established directly by either a stipulation or the introduction of the pertinent certificate of federal insurance").Moreover, in this case, it is clear that

3

the stipulation was a matter of sound trial strategy; namely, the defense agreed to stipulate to facts which could have been easily proven by the Government and focus instead on the disputed elements of the case. Thus, it hardly forms the basis of a motion to vacate sentence. *See United States v. Alford,* 2008 WL 299060, 1 (S.D.Ohio,2008) (trial counsel's stipulation to FDIC insurance for the bank deposits which were stolen is a matter of trial strategy and does not support a 2255 petition for ineffective assistance).

Nevertheless, after realizing from the Government's response to his 2255 petition that his goose is cooked, Smith now asserts in his reply brief that he did not understand the stipulation and that counsel was ineffective for failing to explain it to him. However, the stipulation was presented as evidence at trial, Smith's signature appears on it and he never objected during the trial. All of these facts weigh against Smith's belated allegations that he lacked knowledge of the stipulation or its effect. Thus, given this stipulation which was agreed upon and signed by Smith, there is no evidence at all before the court that either trial counsel or appellate counsel should have objected to the fact that the bank was FDIC insured.[2] Thus, Smith's petition under §2255 is wholly without merit and is DENIED.

Moreover, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

---

[2]Smith also makes an assertion that the stipulation was not entered into the evidence. This is simply incorrect. The stipulation was filed in open court on September 27, 2002 during the first day of the trial in this cause. It was docketed in the record and thus, was evidence in the case against him. Moreover, there was discussion in open court of the stipulation by the undersigned and counsel with Smith present. Smith quotes from that discussion in his reply brief.

To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Thus, no certificate of appealability shall issue.

SO ORDERED. This 11th day of June 2010.

s/ William C. Lee
United States District Court