UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CR-0053 |
| | ) | |
| VIRGIL SMITH | ) | |
| | ) | |

## OPINION AND ORDER

Presently before the court is Defendant Virgil Smith's ("Smith's") "Motion for Reduction of Sentence Pursuant to 28 U.S.C. §2241" filed on April 1, 2011. The Government responded on April 19, 2011. No reply was filed. For the following reasons, Smith's Motion will be DENIED.

## FACTUAL BACKGROUND

On October 3, 2006, a Criminal Complaint was filed in this Court against Smith alleging a violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 924(c) in connection with the armed robbery of the Chase Bank (formerly Bank One) located at 9105 Lima Rd., Ft. Wayne, IN on December 9, 2002. Thereafter, on October 25, 2006, a federal grand jury sitting in the Northern District of Indiana returned a 2 count Indictment against Smith alleging the same violations as were contained in the Criminal Complaint. On March 7, 2007, Smith entered a plea of guilty to both counts of the Indictment without the benefit of a Plea Agreement. The Court, however, deferred acceptance of Smith's plea until the parties completed briefing on Smith's Double Jeopardy claim. Smith filed his brief in support of his motion to dismiss the Indictment on Double Jeopardy grounds on April 27, 2007 (R. 39), and his motion to dismiss based on Due Process violations. Both motions were denied by the Court on June 4, 2007. On March 27, 2007, Smith filed a motion to withdraw his previously entered plea of guilty, which the Court granted on April 17, 2007. As a result, the case proceeded

1

to a bench trial on September 27, 2007 on both counts of the Indictment. On that same day, the government filed a stipulation that the bank robbery occurred on December 9, 2002, and that the monies or funds on deposit with Chase Bank (formerly known as Bank One), were at all times during the year 2002 insured by the Federal Deposit Insurance Corporation (FDIC). That stipulation contained Smith's signature. The trial in this case concluded on September 28, 2007. The Court rendered its verdict on October 3, 2007, finding Smith guilty on both counts of the Indictment. On December 18, 2007, Smith was sentenced to a term of 100 months on Count 1 and 7 years consecutive on Count 2. Smith's advisory guideline range included 2 criminal history points pursuant to then U.S.S.G. §4A1.1(e) which, at the time he was sentenced provided for a two point enhancement if the defendant committed the instant offense less than two years after release from imprisonment on a felony. Thereafter, Smith appealed and the Seventh Circuit affirmed his conviction on both counts by the Seventh Circuit Court of Appeals on August 11, 2009.

In his present motion, Smith seeks a reduction in his sentence based upon a recent amendment to the United States Sentencing Guidelines.

## DISCUSSION

Smith has filed his present motion "pursuant to 28 U.S.C. §2241." He has not enlightened the Court on how this is the appropriate procedural vehicle for the case nor has the Government contested it. Yet, it appears that the vehicle under which Smith should have sought relief is a motion under 18 U.S.C. § 3582(c)(2), which provides that a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission may seek a recalculation of sentence in the District Court. Because this is the more appropriate procedural avenue for the relief Smith seeks, the court construes his petition as one under

2

§3582(c)(2). Of course, as is shown below, even recategorizing Smith's motion in this more appropriate format, does him little good under the present circumstances.

Points assessed under §4A1.1(e), as they were in Smith's case, are commonly referred to as "recency" points. The 2010 Sentencing Guidelines Manual, which became effective November 1, 2010, eliminated the use of recency points in calculating a defendant's criminal history score under §4A1.1. This amendment has become known as Amendment 742.

In his present motion, Smith seeks a sentencing reduction based upon Amendment 742 to the United States Sentencing Guidelines arguing that this Amendment should be applied to him to reduce his criminal history category. However, the District Court is only authorized to reduce the defendant's sentence based on such an amendment to the Guidelines, provided that the amendment is among those made retroactively applicable to cases sentenced prior to the Amendment taking effect. Such amendments are enumerated in U.S.S.G. § 1B1.10(c). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. The amendment Smith relies on (Amendment 742) is not one of the amendments listed in § 1B1.10(c). As a result, it has not been made retroactively applicable to cases sentenced prior to the Amendment taking effect. *See* e.g. *In re Anderson*, 2011 WL 240779 (3d Cir. 2011) (Amendment 742 not to be applied retroactively); *United States v. Koski,* 2011 WL 1400004 (D. Neb. April 12, 2011) ("Since Amendment 742 is not listed in U.S.S.G. § 1B 1.10(c), this Court has no authority to apply the amendment and reduce the defendant's sentence."); *United States v. Cabrera,* 2011 WL 476616 (S.D.N.Y.2011); *United States v. Randall,* 2011 WL 52551

(D.Kan.2011); *United States v. Boone,* 2010 WL 4853289 (E.D.Va.2010).[1]  Accordingly, Smith's Motion to Reduce his sentence is DENIED.

Entered: This 18th day of May, 2011

s/ William C. Lee<br>
United States District Court

---

[1] It is also worth observing that Smith would not be entitled to relief even if Amendment 742 applied. Since he had 9 criminal history points at the time of sentencing, his criminal history score would remain at category IV even if two points were removed.